**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JAMES E. ROBERTS,<br>            Appellant, | DOCKET NUMBER<br>AT-0432-18-0770-I-1 |
|           v. | |
| NATIONAL AERONAUTICS AND<br>    SPACE ADMIN,<br>            Agency. | DATE: March 27, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James E. Roberts, Melbourne, Florida, pro se.

Shannon A. Sharkey, Esquire, Kennedy Space Center, Florida, for the
    agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision that
construed his appeal as a claim of an involuntary retirement and dismissed it for
his failure to raise a nonfrivolous allegation of Board jurisdiction.  For the

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

reasons set forth below, the appellant's petition for review is DISMISSED for lack of a substitute party. 5 C.F.R. § 1201.35.

In September 2018, the appellant, proceeding pro se, filed a Board appeal contesting his retirement from the Federal service. Initial Appeal File (IAF), Tab 1. He argued that he retired when faced with a removal decision. IAF, Tab 1 at 3, 5; Tab 15 at 4; Tab 16 at 4; Tab 19 at 4; Tab 21 at 4, 6. The administrative judge treated the appeal as an involuntary retirement and issued an initial decision dismissing it for lack of jurisdiction. IAF, Tab 12, Tab 22, Initial Decision at 1-7. The appellant filed a petition for review on January 28, 2019. Petition for Review (PFR) File, Tab 1. In September 2020, with the appellant's petition for review pending, the agency advised that the appellant died on February 7, 2020. PFR File, Tab 4 at 4-6. The agency served this pleading on the appellant via e-Appeal Online. *Id.* at 8.

Pursuant to 5 C.F.R. § 1201.35(a), if an appellant dies during the pendency of his appeal, the processing of his appeal will only be completed upon the substitution of a proper party. *See, e.g.*, *Estate of Kravitz v. Department of the Navy*, 110 M.S.P.R. 97, ¶ 2 n.1 (2008) (finding that substitution was proper where an appellant passed away while his appeal was pending and the appellant's counsel submitted a motion for the widow to be a substitute party); *Cole v. Department of Veterans Affairs*, 77 M.S.P.R. 434, 434 n.1 (1998) (granting a motion to substitute the administrator of an appellant's estate, where the appellant died as his petition for review was pending). The regulatory deadline to file a motion to substitute is 90 days after the death of an appellant and can be waived with a showing of good cause. 5 C.F.R. § 1201.35(b).

On September 29, 2020, the Office of the Clerk of the Board issued an order to the parties advising that the appellant's petition for review may be dismissed if a proper substitution of party is not made. PFR File, Tab 5. The order, which the Board served on the appellant electronically and to his address of record, directed any party seeking to substitute for the appellant to set forth the

following: (1) how the filer is a proper substitute; (2) how the interests of the appellant did not terminate with his death; and (3) if good cause exists to waive the filing deadline to seek substitution set forth at 5 C.F.R. § 1201.35(b). *Id.* The order contained explicit information on how to establish each of these requirements. *Id.* at 2. Neither party responded to the order.

In accordance with 5 C.F.R. § 1201.35(a), we dismiss the instant petition for review for lack of a substitute party. This is the Board's final decision regarding the appellant's petition for review. Because of this, the initial decision remains the final decision of the Board concerning the appellant's appeal of his retirement.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:　　　　_____
　　　　　　　　　　　Gina K. Grippando
　　　　　　　　　　　Clerk of the Board
Washington, D.C.